UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| RAYMOND WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 3391 |
| | ) | |
| vs. | ) | Judge Myerscough |
| | ) | Magistrate Judge Cudmore |
| CITY OF JACKSONVILLE, and | ) | |
| MATT MARTIN, Star 2091 | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the common law and statutes of the State of Illinois.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff is a resident of Jacksonville, Illinois.

5. MATT MARTIN is a duly appointed and sworn Jacksonville police officer. At all times relevant to this Complaint, MATT MARTIN was acting in the course and scope of his employment, and under color of state law, ordinance and/or regulation.

6. MATT MARTIN is sued in his individual capacity.

7. Defendant CITY OF JACKSONVILLE is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of MATT MARTIN.

## Facts

8. On or about July 5, 2011, at approximately 2:00 a.m., Plaintiff was a passenger in car that was involved in a single car accident near Lafayette Avenue and Clay Avenue in Jacksonville, Illinois.

9. Plaintiff left and walked to a residence, Plaintiff's girlfriend's mother's house, located on Sherman Street in Jacksonville.

10. The driver, Plaintiff's girlfriend, stayed with the car and waited for the police to arrive.

11. When Plaintiff arrived on Sherman Street he spoke with an individual, Mr. Jackson, regarding an issue involving someone bothering his girlfriend.

12. After speaking with Mr. Jackson, Plaintiff began to cross the street to go to his girlfriend's mother's house.

13. At this time, Jacksonville police Officer Moore arrived in his squad car.

14. Officer Moore opened the driver's side door as Plaintiff walked past.

15. Plaintiff closed the door and told Officer Moore that this was none of his business.

16. Officer Moore opened his door and grabbed Plaintiff in a bear hug.

17. Officer Moore's chest was pressed against Plaintiff's back.

18. Plaintiff was not resisting Officer Moore.

19. While Officer Moore was holding Plaintiff, Defendant-Officer MATT MARTIN arrived on the scene.

20. MATT MARTIN kicked Plaintiff in his right leg.

21. MATT MARTIN broke Plaintiff's leg.

22. Plaintiff was not a threat to either Officer Moore or MATT MARTIN when MATT MARTIN kicked Plaintiff.

23. MATT MARTIN and Officer Moore handcuffed Plaintiff, including cuffing his broken leg.

24. An ambulance was called to the scene.

25. Plaintiff was taken to Passavant Hospital in Jacksonville.

26. Plaintiff was transported from Passavant Hospital to Memorial Medical Center in

Springfield where he underwent surgery.

27. Plaintiff was never charged with any crime in relation to the incident.

28. MATT MARTIN acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff's rights.

29. As a direct and proximate result of the acts of MATT MARTIN described above, Plaintiff suffered damages including loss of physical liberty, physical pain and suffering, emotional distress and pecuniary damages including medical expenses.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

31. MATT MARTIN violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against MATT MARTIN,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (State Law Claim for Battery)

32. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against MATT MARTIN,

b) Award Plaintiff compensatory and punitive damages,

c) Award costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law *Respondeat Superior* Claim)

33.     The acts of MATT MARTIN described in the above state-law claim for battery were willful and wanton, and committed in the scope of employment.

34.     Pursuant to *respondeat superior*, Defendant CITY OF JACKSONVILLE is liable for its agents' actions.

WHEREFORE, Plaintiff demands judgment against Defendant CITY OF JACKSONVILLE, and such other and additional relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

35.     The acts of MATT MARTIN described in the above claims were willful and wanton, and committed in the scope of employment.

36.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF JACKSONVILLE is liable for any judgments for compensatory damages in this case arising from MATT MARTIN's actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant CITY OF JACKSONVILLE to indemnify MATT MARTIN for any judgment for compensatory damages in this case arising from his actions.

**Jury Trial Demanded**

Respectfully submitted,

/s/ Daniel P. Kiss
*Counsel for the Plaintiff*

Daniel P. Kiss
Louis J. Meyer
Meyer & Kiss, LLC
53 West Jackson Boulevard, Suite 856
Chicago, Illinois 60604
(312) 765-0100